

# The Attorney General of Texas

December 7, 1978

JOHN L. HILL
Attorney General

Supreme Court Building
P O Box 12548
Austin, TX 78711
512/475-2501

701 Commerce, Suite 200
Dallas, TX 75202
214/742-8944

4824 Alberta Ave., Suite 160
El Paso, TX 79905
915/533-3484

723 Main, Suite 610
Houston, TX 77002
713/228-0701

806 Broadway, Suite 312
Lubbock, TX 79401
806/747-5238

4313 N. Tenth, Suite F
McAllen, TX 78501
512/682-4547

200 Main Plaza, Suite 400
San Antonio, TX 78205
512/225-4191

An Equal Opportunity/
Affirmative Action Employer

Honorable George M. Cowden, Chairman
Public Utility Commission of Texas
7800 Shoal Creek Blvd.
Austin, Texas 78757

Opinion No. H- 1273

Re: Whether Public Utility Commission has regulatory authority over utility pole rental agreements between cable television companies and public utilities.

Dear Mr. Cowden:

You have requested our opinion regarding the authority of the Public Utility Commission (hereafter PUC) to regulate pole rental agreements between cable television companies and public utilities. The impetus for this request arises from recently enacted amendments to the Federal Communications Act, 47 U.S.C. S 224, which empower the Federal Communications Commission (hereafter FCC) to regulate the

> rates, terms, and conditions for pole attachments to provide that such rates, terms and conditions are just and reasonable. . . .

47 U.S.C. S 224(b). A "pole attachment" is defined as

> any attachment by a cable television system to a pole, duct, conduit, or right-of-way owned or controlled by a utility.

47 U.S.C. S 224(a)(4). A "utility" includes

> any person whose rates or charges are regulated by the Federal Government or a State and who owns or controls poles, ducts, conduits, or rights-of-way used, in whole or in part, for wire communication.

47 U.S.C. S 224(a)(1).

The statute is inapplicable in all instances in which the "rates, terms, and conditions for pole attachments" are regulated by a state. 47 U.S.C.

§ 224(c)(1). If a state provides for such regulation, it must so certify to the FCC, and include therein a statement that

> in so regulating such rates, terms, and conditions, the State has the authority to consider and does consider the interests of the subscribers of cable television services, as well as the interests of the consumers of the utility services.

47 U.S.C. § 224(c)(2). In order to determine whether the PUC should make the requisite certification, you ask a number of questions regarding the commission's jurisdiction over the "rates, terms, and conditions" of pole rental agreements.

Article 1446c, V.T.C.S., the Public Utility Regulatory Act, provides in section 18:

> Subject to the limitations imposed in this Act, and for the purpose of regulating rates, operations, and services so that such rates may be just, fair, and reasonable, and the services adequate and efficient, the commission shall have exclusive original jurisdiction over the business and property of all telecommunications utilities in this state.

Similar jurisdiction over other kinds of utilities is granted in other portions of the Act. See art. 1446c, §§ 16, 37, 38. The statute defines a "utility" to include, inter alia, "any person, corporation, river authority, cooperative corporation, or any combination thereof, other than a municipal corporation," which owns or operates for compensation equipment or facilities for:

> . . . .
>
> (2)(a) the conveyance, transmission, or reception or communications over a telephone system; . . . provided . . . that nothing in this Act shall be construed to apply to . . . community antenna television services. . . .

Section 3(c) (emphasis added). The proviso in section 3(c)(2)(a) declares that a community television service is not a "utility" as defined in the Act. Since the PUC is not empowered to regulate any entity not a "utility," it is clear that the commission has no direct regulatory authority over a cable television company.

In order to invoke the exclusion of 47 U.S.C. § 224(c)(1), a state must certify to the FCC not only that it regulates pole rental agreements, but also that it "has the authority to consider and does consider the interests of the subscribers of cable television services" in setting the rates, terms and conditions of such agreements. Since the PUC has no direct regulatory authority over cable television companies, and may consider the interests of such companies only in the context of their

relationships with a regulated utility,  we do not believe that the statute may reasonably be extended to include the relationship of a cable television company with its subscribers.   Since, in the matter of pole rental agreements, those subscribers have no direct relationship with the regulated utility, we believe the PUC lacks the authority to consider their interests.  Thus, in our opinion, the PUC should not certify to the FCC that it "has the authority to consider and does consider the interests of the subscribers of cable television services" in regulating the rates, terms and conditions of pole rental agreements.   In view of this determination, we need not address your other questions.

## SUMMARY

The Public Utility Commission should not certify to the Federal Communications Commission that it "has the authority to consider and does consider the interests of the subscribers of cable television services" in regulating the rates, terms and conditions of pole rental agreements.

Very truly yours,

JOHN L. HILL
Attorney General of Texas

APPROVED:

DAVID M. KENDALL, First Assistant

C. ROBERT HEATH, Chairman
Opinion Committee

jsn